The opinion of the Court was delivered by
Whitner, J.
Arising out of the circumstances of this case the question is presented, whether a widow, who accepts a distributive share of the personalty, is not barred of dower under A. A. 1791, in cases of intestacy.
The A. A. 1791, (5 Stat. 162.) Sec. 1, gives to the widow one-third of the realty in fee in case a child or other lineal descendant is left, and one moiety if no child or other lineal descendant is left.
In Sec. 2, it is provided “ That in all cases of intestacy the personal estate of the intestate shall be distributed in the same manner as real estates are disposed of by this act.” In Sec. 6, it is declared “ That in all cases where provision is made by this act for the widow of a person dying intestate the same shall, if accepted, be considered in lieu of and in bar of dower.”
If the language of this statute is to be construed according to its ordinary import, it seems clear that an acceptance of the provision of the statute, whether of the realty or personalty, should be considered in bar of dower. The second section however is said to be a mere recital of the provision under St. Ch. 2, and not to be regarded as a substantive provision by the A. A. 1791. It is perhaps a sufficient answer, that the provision for the widow out of the personalty, is enlarged by the subsequent legislation giving a moiety instead of a third *12 in instances enumerated. I doubt if any one of the profession for the last half a century has ever recurred to the Statute of Charles to ascertain the distributive share of the widow. The judgment of our Courts have reference in terms to the A. A. 1791, touching such distributions, and it may well be regarded that in this particular, the act has superseded the ancient Statute of Charles.
Again, it is suggested that the clause in review has reference only to the lands of which the husband dies seized and in fact to lands only, for of them alone is the widow endowed. Such has not been the course of judicial interpretation heretofore. The right of dower attaches to all the lands and tenements whereof the husband was seized during the coverture. Hence it has been held that when the term is used in the acts it embraces the whole right, and consequently where a widow accepts a provision under the act it is in lieu of dower entirely, “whether in lands aliened or in those of which the husband continued seized,” the design of the statute being clearly to give the right of election between dower at common law and the provision made by the act. Avant v. Robinson, 2 McM. 215.
Following up this view it has been further held in Chancery that an acceptance of dower by the widow was a bar to the claim subsequently set up to a third in the personalty “ the right to dower or thirds being regarded as made convertible by the statute of 1791, and both being legal rights proceeding to the wife, if she takes one, her legal right to the other perishes.” Buist v. Dawes, 3 Rich. 281. If the proposition laid down in this case may be maintained the converse is most manifest.
This Court is of opinion that a widow by an acceptance of her distributive share of the personalty of her husband dying intestate, thereby bars her dower, as well in the lands aliened, as in those of which he died siezed.
It is suggested this is not a case of total intestacy and therefore the question of election does not arise.
*13 As the exponent of the views of this Court I am not disposed to go beyond my legitimate bounds.
The paper proposed as a will the ordinary had refused to admit to probate even in common form. The decision was acquiesced in by the parties interested, for a series of years. The demandant sui juris, treated it as a case of intestacy, pursued and obtained her distributive share from the ordinary, administering the personalty, and from which she would have been excluded if the alleged paper had been set up, and we think it does not now lie with her to gainsay her acts and admissions.
But there is nothing in the facts that shpuld vary the decision on circuit.
I do not enter upon the question as to what might be a just construction of the statute in a case of partial intestacy, and yet the widow had accepted a provision under the act; nor am I led to inquire what may have been the proper view to be entertained of such a paper as this purports on its face to be, upon the point raised in Taylor v. Taylor, 1 Rich., 533; Workman v. Dominick, 3 Strob. 530; and Cannon v. Setzler, 6 Rich. 473.
Having here an admitted case of intestacy as to the personalty how can it vary the question before the Court, though such a paper might be held valid at the time of its date as a devise when it turns out in fact and in truth that at the time it took effect there were no lands on which it could operate. It is in vain to say this assumes a negative not susceptible of being established. On the contrary it is an affirmation distinctly proved and the fact clearly ascertained. The land to which alone the paper referred did not belong to the alleged testator, and if there were other lands they were not included and he died intestate, as to them also. The party died intestate as to all he possessed known and ascertained, and it would be pursuing a phantom to look after a proposition, the end of *14 which is to determine what would have been the conclusion if other facts had existed.
The motion for a new trial is dismissed.
Wardlaw, Withers, Glover and Munro, JJ., concurred.
Motion dismissed.